**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| THOMAS KENT JACKSON,  )<br>  )<br>Petitioner,  )<br>  )<br>vs.  )<br>  )<br>DORA B. SCHRIRO, et al.,  )<br>  )<br>Respondents.  )<br>_____ ) | No. CIV 07-053-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 ("Petition") filed by Thomas Kent Jackson ("Jackson"). Respondents have filed an Answer.

*Factual and Procedural Background*

The Court of Appeals of Arizona summarized the procedural background as follows:

> Appellant was indicted on 10 counts of armed robbery. The state alleged prior convictions, commission of the offenses while on parole, and dangerous nature as to some of the counts. He was convicted by a jury of all counts and, after the trial court found the offenses were committed while appellant was on parole, he was sentenced to concurrent terms of life imprisonment on counts one and three, 14 years on counts two and six, five years on counts four and five, and 18 years on counts seven, eight, nine and ten. His appeal has been consolidated with the petition for review of the denial of his petition for post-conviction relief.

Answer, Ex. H, p. 2. In his consolidated appeal and review of the denial of post-conviction relief, Jackson, argued that the post-conviction court abused its discretion in summarily dismissing the Ariz.R.Crim.P. 32 petition, the sentencing court improperly found Jackson's parole status and prior convictions, and the Double Jeopardy Clause would prohibit the State from proving prior convictions and parole status on remand. On June 17, 1993, the Court

of Appeals affirmed Jackson's convictions and sentences, granted review of the denial of post-conviction relief, and denied post-conviction relief. Jackson did not seek review to the Supreme Court of Arizona and the mandate was issued on August 5, 1993.

In 1993, the Arizona legislature amended the pertinent sentencing statutes that had been in effect in 1989.[1] Under the amendments, persons who committed class 2 dangerous felonies on or after January 1, 1994, would be exposed to less prison time. In effect, had Jackson committed Counts 1 and 3 after January 1, 1994, the sentencing court would not have been required to sentence Jackson to terms of life imprisonment without parole eligibility for 25 years. Rather, Jackson's maximum possible sentence would have been 28 years – the super-aggravated sentence for a class 2 dangerous felony.

On or about August 2, 2004, more than ten years after the effective date of the amendments to the sentencing statutes, Jackson filed a Notice of Post-Conviction Relief. Jackson's Notice indicated his intention to challenge his life sentences on the grounds that the sentencing court violated *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and that the amendments of the sentencing statutes reduced his sentences. On August 20, 2004, the post-conviction court summarily dismissed the notice:

> Defendant now files a petition for post-conviction relief based on the recent ruling in [*Blakely*] claiming a significant change of the law that applies to his case. In *Blakely*, the United States Supreme Court held that pursuant to its decision in *Apprendi v. New Jersey*, 530 U.S. 466 (200), and *Ring v. Arizona*, 536 U.S. 584 (2002), a defendant is entitled to have a jury determine any fact that increases the penalty for a crime. In *Schriro v. Summerlin*, 542 U.S. ___, 124 S.Ct. 2519 (2004), the Supreme Court held that the decisions in *Ring* and *Apprendi* constitute procedural changes and do not apply retroactively to convictions that are final. The Arizona courts have also held that the decisions do not apply retroactively if the convictions are final. *State v. Towery*, 204 Ariz. 386, 64 P.3d 828 (2003); *State v. Sepulveda*, 201 Ariz. 158, 37 P.3d 432 (App. 2001).
>
> A conviction becomes final upon the issuance of the mandate affirming the conviction on direct appeal and the expiration of time for seeking certiorari in the United States Supreme Court. *Towery*, 204 Ariz. at 390. The appellate mandate on direct appeal in defendant's case was issued on June 17, 1993, and the time for seeking certiorari has long passed. The conviction is final and the defendant is not entitled to relief under Rule 32.1(g).

---

[1] The offenses for which Jackson was convicted occurred between November 21, 1989, and December 16, 1989.

- 2 -

> Defendant also contends that he is entitled to relief as the sentencing statutes have changed since the time of his sentencing. A defendant's sentence is not subject to modification based on a change in the law. Statutory amendments regarding sentencing do not have a retroactive effect. *State v. Jensen*, 193 Ariz. 105, 107, 970 P.2d 937, 939 (1998); *State v. Stine*, 184 Ariz. 1, 3, 906 P.2d 58, 60 (App. 1995).
>
> Based on the foregoing,
>
> IT IS HEREBY ORDERED that the notice of post-conviction relief is DISMISSED.

Answer, Ex. K, pp. 1-2. When Jackson sought review to the Court of Appeals, that court granted Jackson leave to file a Petition for Post-Conviction Relief. On March 2, 2005, the post-conviction court denied the petition. Answer, Ex. N. On review, the Court of Appeals stated:

> The trial court was correct. *Apprendi* applies to defendants whose convictions that were not final on direct review when it was decided. *State v. Towery*, 204 Ariz. 386, ¶ 3, 64 P.3d 828, 831 (2003); *see also Schriro v. Summerlin*, 542 U.S. 348, 352, 124 S.Ct. 2519, 2523 (2004) (rejecting argument that *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), applied retroactively to cases final on direct review and concluding *Ring* had announced a new procedural, rather than substantive, rule). Nor is *Blakely* retroactively applicable. *See State v. Febles*, 210 Ariz. 589, ¶ 7, 115 P.3d 629, 632 (App. 2005); *State v. Miranda-Cabrera*, 209 Ariz. 220, ¶ 26, 99 P.3d 35, 41 (App. 2004). A conviction is final when "'a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.'" *Towery*, 204 Ariz. 386, ¶ 8, 64 P.3d at 831-32, *quoting Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 712 n. 6, 93 L.Ed.2d 649, 657 n. 6 (1987). Our mandate in Jackson's appeal having issued on August 5, 1993, Jackson's case was final well before he first asserted his *Blakely* claim.
>
> We also reject Jackson's claim that the changes in § 13-604 enacted after he committed his offenses should apply retroactively to him. The trial court rejected this claim in its previous order and reiterated that rejection in denying relief in this proceeding. The trial court stated in its previous order: "A defendant's sentence is not subject to modification based on a change in the law. Statutory amendments regarding sentencing do not have a retroactive effect. *State v. Jensen*, 193 Ariz. 105, 107, 970 P.2d 937, 939 (1998); *State v. Stine*, 184 Ariz. 1, 3, 906 P.2d 58, 60 (App. 1995)." The trial court did not abuse its discretion in so stating. *See also* A.R.S. § 1-246 ("When the penalty for an offense is prescribed by one law and altered by a subsequent law, the penalty of such second took effect, but the offender shall be punished under the law in force when the offense was committed.."); *Baker v. Superior Court*, 190 Ariz. 336, 339, 947 P.2d 910, 913 (App. 1997) (rejecting claim that statutory changes were retroactively applicable and stating that § 1-246 "is a clear and unequivocal expression of legislative intent that an offender's punishment is to be determined when he commits his offense").
>
> We grant the petition for review, but we deny relief.

Answer, Ex. O, pp. 3-5. On April 20, 2006, the Supreme Court of Arizona denied Jackson's petition for review. On June 14, 2006, the Court of Appeals issued its mandate.

- 3 -

On or about January 7, 2007, Jackson filed the pending Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254. Jackson argues that his sentence violates the Eighth Amendment because the Arizona Legislature enacted statutes reducing the maximum sentence exposure he faced for his offenses and that his sentence violates the Equal Protection Clause of the Fourteenth Amendment because the Arizona Legislature did not make the amendments retroactively applicable. Respondents have filed an Answer.

*Statute of Limitations*

This Court must review claims consistent with the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner must generally file a petition for writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005).

The other subsections not being applicable, Jackson must have filed his habeas petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). At the time Jackson's judgment became final, the AEDPA had not yet been passed. Therefore, "the federal limitations period began running on AEDPA's effective date, April 24, 1996, giving [Jackson] one year from that date (in the absence of tolling) to file a federal habeas petition." *Carey v. Saffold*, 536 U.S. 214, 217, 122 S.Ct. 2134, 2137, 153 L.Ed.2d 260 (2002). Therefore, Jackson's one-year limitation period expired on April 24, 1997. However, Jackson did not file his Petition until January 7, 2007. Jackson's Petition,

therefore, was clearly filed outside the statute of limitations as set forth in the AEDPA.

*Statutory Tolling of Limitations Period*

The limitations period is statutorily tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in the state courts. 28 U.S.C. § 2244(d)(2). Jackson did not file his first Notice of Post-Conviction Relief until August 2, 2004. As of that date, the one year limitations period had already expired. Moreover, Jackson cannot restart the limitations period by his subsequently filed Petitions for Post-Conviction Relief. *See e.g., Ferguson*, 321 F.3d at 823 (application for post-conviction relief in Oregon courts did not reinitiate AEDPA's statute of limitations); *see also Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000); *Jimenez v. Rice*, 276 f.3d 478, 482 (9th Cir. 2001). Therefore, Jackson is not entitled to statutory tolling of the limitations period.

*Equitable Tolling of Limitations Period*

While the United States Supreme Court has not determined that 28 U.S.C. § 2244(d)(2) allows for equitable tolling, it has assumed so in resolving cases. *See e.g., Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1081, 166 L.Ed.2d 924 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n. 8, 125 S.Ct. 1807, 1815, 161 L.Ed.2d 669 (2005). In *Bowles v. Russell*, 127 S.Ct. 2360 (2007), the Supreme Court determined that the jurisdictional time for filing a notice of appeal was not subject to a unique circumstances exception. However, the Ninth Circuit has found that § 2244(d) allows for equitable tolling after *Bowles*. *Harris v. Carter*, 515 F.3d 1051, 1054-57 (9th Cir. 2008); *see also Waldron-Ramsey v. Pacholke*, — F.3d. — , — n. 2, 2009 WL 455506 (9th Cir. 2/25/09). Indeed, the Second Circuit Court of Appeals has stated:

> [I]t would be an unwarranted extension of *Bowles* to think that the Court was impliedly rendering equitable tolling inapplicable to limitations periods just because they are set forth in statutes. Since a statute of limitations is a defense, *see*

Fed.R.Civ.P. 8(c), it has not been regarded as jurisdictional, *see Day v. McDonough*, 547 U.S. 198, 205, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006) (AEDPA limitations period), and has been subject to equitable tolling, *see Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

*Diaz v. Kelly*, 515 F.3d 149, 153 (2nd Cir. 2008). The Court finds, therefore, that 28 U.S.C. § 2244(d)(2) allows for equitable tolling.

The Ninth Circuit Court of Appeals has found that equitable tolling is not available in most cases, "as extensions of time will only be granted if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005) (internal quotation marks omitted); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) ("the threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule"); *Shannon*, 410 F.3d at 1090 ("Each of the cases in which equitable tolling has been applied have involved *wrongful* conduct, either by state officials, or occasionally, by the petitioner's counsel."); *Roy v. Lampert*, 465 F.3d 964 (9th Cir. 2006). Jackson bears the burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418, 125 S.Ct. at 1814.

Jackson has not disputed Respondents' assertion that the factual predicate to his Eighth and Fourteenth Amendment claims came into existence on January 1, 1994, the effective date of the amended sentencing statutes. Indeed, Jackson did not commence his second round of post-conviction proceedings until filing his Notice of Post-Conviction Relief on August 2, 2004. Moreover, Jackson waited approximately 9 months after the Supreme Court of Arizona denied review of the denial Jackson's request for post-conviction relief before filing the pending Petition. *See Pace*, 544 U.S. at 418-19, 125 S.Ct. at 1814-15 (habeas petition did not demonstrate due diligence because he "waited years, without valid justification" after his claims became available to file his petition for post-conviction relief in Pennsylvania courts and another 5 months after the denial of state post-conviction relief to file a habeas petition); *see also Johnson v. United States*, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005) (no due diligence found where prisoner did not commence state post-

1 conviction relief proceedings until 3 years after judgment and waited 21 months after the
2 AEDPA's effective date); *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003) (rejecting
3 equitable tolling for habeas petition who "took 27 months to present the relevant claims to
4 the California Supreme Court, and 7 months after the court's decision to return to federal
5 court").

6 It is Jackson's burden to establish equitable tolling and he has not provided any
7 allegations or evidence showing that he is entitled to equitable tolling. Jackson has failed to
8 meet the "very high threshold," *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004),
9 of establishing that extraordinary circumstances beyond his control made it impossible for
10 him to timely file a habeas petition *and* that those extraordinary circumstances were the cause
11 of his untimeliness. Rather, it appears that Jackson's lack of diligence caused his failure to
12 meet the AEDPA's one year statute of limitations. *See Miles v. Prunty*, 187 F.3d 1104, 1107
13 (9th Cir. 1999) (equitable tolling is only appropriate where "external forces, rather than a
14 petitioner's lack of diligence, account for the failure to file a timely claim").

15 The Court finds that Jackson has failed to establish that he is entitled to equitable
16 tolling. Jackson's habeas petition, therefore, is untimely.

18 Accordingly, IT IS ORDERED:
19 1. Jackson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is
20 DENIED;
21 2. This matter is DISMISSED with prejudice, and;
22 3. The Clerk of the Court shall enter judgment and shall then close its file in this
23 matter.
24 DATED this 25th day of March, 2009.

*[signature]*
Cindy K. Jorgenson
United States District Judge